UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

CHARLES T. McINTOSH,

      Plaintiff,

    v.

Minn. Atty. General: MIKE HATCH et al.,
Minn. Governor TIM PAWLENTY, et al.,
THE MINNESOTA DEPARTMENT OF
CORRECTIONS et al., JOAN FABIAN,
(DOC's Commissioners and Policy
Makers), et al., JEFFERY PETERSON,
(HRU exec.), MCF-LL, Warden: DAVID
CRIST, Hearing Officer: CHRIS PAWELK,
Parole Agent: WILLIAM FRANKEN,
J. LAMBERT, DEB COLE, RANDY TENGE,
JANICE HAUGEN, G. PERRY, MARY L.,
NGOC NGUYEN, SARAH TARDY,
ROBERT FENEIS, JOE COSGROVE,
COUNTY OF ANOKA, and CHISAGO, et al.,

      Defendants.

Civil No. 05-2073 (RHK/JJG)


**REPORT AND RECOMMENDATION**

---

     This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 6), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

     Plaintiff, an inmate at the Minnesota Correctional Facility at Rush City, Minnesota, commenced this action by filing a self-styled complaint seeking relief for alleged violations of

his federal constitutional rights.  He did not pay the normal filing fee required by 28 U.S.C. §

1914, but instead applied for leave to proceed IFP.  Plaintiff's IFP application was previously

reviewed by Magistrate Judge Susan Richard Nelson,[1] who noted that (i) the application was

incomplete because it did not include the certified prisoner trust account information that is

required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not paid the initial partial filing fee that

is required in prisoner IFP matters, pursuant to 28 U.S.C. § 1915(b)(1).

Both of Plaintiff's omissions were called to his attention by Magistrate Judge Nelson's

order of September 13, 2005.  (Docket No. 7.)  That order gave Plaintiff thirty (30) days to

cure the two defects in his original request for IFP status by submitting both (a) a new IFP

application that included the requisite certified trust account information, and (b) the initial

partial filing fee prescribed by § 1915(b)(1).  The order expressly advised Plaintiff that his

case would be subject to summary dismissal, unless he complied with both of those

requirements within the time allowed.

The deadline for satisfying the requirements of the prior order has now expired.  To

date, however, Plaintiff has not submitted either an amended IFP application or an initial

partial filing fee.  Plaintiff has submitted a document entitled "Motion to Include and/or Add

U.S. Magistrate Susan R. Nelson, as a defendant to the above case file, and a request for

additional relief."  (Docket No. 8.)  That submission, however, does not satisfy the

requirements of the prior order, nor does it offer any explanation for Plaintiff's failure to comply

with the prior order.

---

[1] This case was originally assigned to Magistrate Judge Nelson, but the case was re-assigned to the undersigned Magistrate Judge on October 13, 2005.

2

Because Plaintiff has not complied with either of the two requirements imposed by Magistrate Judge Nelson's prior order, the Court will recommend that Plaintiff be deemed to have abandoned this action, that Plaintiff's pending motion be summarily denied,[2] and that this action be summarily dismissed without prejudice. <u>See</u> Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). <u>See also</u> <u>In re Smith</u>, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); <u>Amick v. Ashlock</u>, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 6), be **DENIED**;

2.  Plaintiff's "Motion to Include and/or Add U.S. Magistrate Susan R. Nelson, as a

---

[2] Even if Plaintiff had complied with the requirements of the prior order, his "Motion to Include [etc.]" still would be denied because (a) he has not complied with Local Rule 15.1, (which requires that a motion to amend must be accompanied by a copy of the entire proposed new pleading as amended), and (b) Plaintiff's attempt to add Magistrate Judge Nelson as a Defendant in this action is barred by the doctrine of judicial immunity.

defendant to the above case file, and a request for additional relief," (Docket No. 8), be

**DENIED**; and

    3.  This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: October 27, 2005

                                          s/Jeanne J. Graham

                                          _____

                                          JEANNE J. GRAHAM
                                          United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by November 16, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.